1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    PATRICE THOMPSON,                        Case No.  13-cv-04793-WHO

                Debtor/Appellant,

8
                                             **ORDER AFFIRMING BANKRUPTCY**
9         v.                                 **COURT'S RULINGS DENYING**
                                             **MOTION TO COMPEL AND**
10   MARTHA BRONITSKY, Chapter 13            **DISMISSING BANKRUPTCY CASE**
     Trustee, et al.
11                                           Re: Dkt. No. 6

                Trustee/Appellee.
12

13

14                                 **INTRODUCTION**

15        Patrice Thompson filed for Chapter 13 bankruptcy.  A construction company filed a claim

16   against Thompson and objected to Thompson's bankruptcy plan because the plan did not provide

17   for payment of the claim.  Thompson disputed the claim but did not file an objection to it.  Instead,

18   she moved the United States Bankruptcy Court to compel the Chapter 13 Trustee to object to the

19   claim.  The Bankruptcy Court denied the motion and dismissed Thompson's bankruptcy petition

20   because Thompson neither objected to the claim nor provided for payment of it in her bankruptcy

21   plan.  Thompson waited until the entire case was dismissed to appeal the Bankruptcy Court's

22   orders denying her motion to compel, sustaining the construction company's and the Trustee's

23   objections to confirmation of the plan, and dismissing her bankruptcy petition.

24        Because the Bankruptcy Court's order denying the motion to compel resolved substantive

25   rights and finally determined the discrete issue to which it was addressed, Thompson should not

26   have waited to file it.  The appeal is not timely.  But to the extent it was, it lacks merit.  The

27   Bankruptcy Court properly determined that the Trustee was not obligated to object to the

28   construction company's claim.  I AFFIRM the Bankruptcy Court orders denying Thompson's

United States District Court
Northern District of California

motion to compel and dismissing her petition because her bankruptcy plan did not provide for the construction company's claim.

BACKGROUND

## I.  BANKRUPTCY FRAMEWORK[1]

Chapter 13 bankruptcy is available to individuals with regular income whose debts are below statutory limits.  11 U.S.C. § 109(e).  "Unlike Chapter 7, which requires debtors to liquidate nonexempt assets to pay creditors, Chapter 13 permits debtors to keep those assets if they agree to a court-approved plan under which they pay creditors out of their future income."  *In re Flores*, 735 F.3d 855, 857 (9th Cir. 2013) (internal citation and punctuation omitted); 11 U.S.C. § 1306(b) ("Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.").  A creditor (someone to whom the party seeking bankruptcy protection owes a debt) must file a proof of claim to receive payments under a Chapter 13 bankruptcy plan.  A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure "constitutes prima facie evidence of the validity and amount of the claim."  FED. R. BANKR. P. 3001(f).  A claim "is deemed allowed"—meaning that it will be paid off as part of the bankruptcy plan—"unless a party in interest . . . objects."  11 U.S.C. § 502(a).

In order to be confirmed by a bankruptcy court, a proposed bankruptcy plan must meet several requirements set forth in section 1325 of the Bankruptcy Code.  Relevant here, secured claims that are allowed must be paid in full during the life of the plan unless the secured creditor agrees to different treatment of the claim.  11 U.S.C. § 1325(a)(5).  A confirmed plan is binding on the debtor and all creditors, even if the creditors' claims are not provided for in the plan and whether or not the creditors have objected to or rejected the plan.  11 U.S.C. § 1327(a).

The United States Trustee Program, a component of the Department of Justice, oversees the bankruptcy process.  The United States Trustee appoints Chapter 13 Trustees to act as fiduciaries who administer Chapter 13 cases.  28 U.S.C. § 586(b).  Chapter 13 Trustees collect

---

[1] A brief overview of the Chapter 13 bankruptcy process is necessary to place the relevant facts in context.

payments from debtors pursuant to the debtors' court-confirmed bankruptcy plans and distribute payments to creditors. Section 1302(b) of the Bankruptcy Code provides, in relevant part, that the trustee "shall" perform the duties in Section 704(a)(5) of the Code.[2] 11 U.S.C. § 1302(b). In turn, Section 704(a)(5) provides that the trustee "shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Thompson filed a voluntary Chapter 13 bankruptcy petition on February 19, 2013. Excerpts of Report[3] ("ER") 1-3. Martha Bronitsky was appointed to act as Chapter 13 Trustee for Thompson's bankruptcy estate. Thompson also filed a proposed Chapter 13 Plan requiring Thompson to make payments of $150 per month for 36 months to a bankruptcy trustee, with a corresponding dividend of 10% to general unsecured creditors. ER 42-43.

The Chapter 13 Plan listed a claim that had been made against Thompson by Johnson Construction. ER 42. The Plan disputed this claim, stating:

> Debtor [Thompson] disputes this claim on the basis the creditor did poor quality work and stole tools and other items from her. Confirmation shall disallow this claim. Failure of this creditor to objection shall be deemed acceptance of plan, to wit, disallowance of any claim filed. In the event a proof of claim is filed, the debtor will take any action necessary to effectuate this provision of the plan.

ER 42.

Thompson filed a First Amended Chapter 13 Plan on June 18, 2013, which again disputed the claim by Johnson Construction:

> The mechanics lien recorded in the State of California, County of Contra Costa on May 11, 2009, in favor of Johnson Construction ("Lien Creditor") attaching to 1611 Roosevelt Avenue, Richmond CA 94801 will be avoided through a separate motion. For purposes of such motion the property located at 1611 Roosevelt Avenue, Richmond CA 94801 will be valued at $164,000 and failure of Lien Creditor to object will be deemed acceptance of this valuation for purposes of such a motion. For claims allowance purposes, the collateral of Lien Creditor related to the mechanics lien shall be valued at $zero and any claim filed shall be allowed only on an

---

[2] Section 704 and its subsections state various duties of trustees.

[3] The Excerpts of Record are filed at Docket Numbers 3-1 through 3-13.

United States District Court
Northern District of California

unsecured basis.

ER 105.

On June 25, 2013, Johnson Construction filed a Proof of Claim with the Bankruptcy Court, seeking $9,888.25 on a secured basis.  ER 134-35.  Johnson Construction also filed an objection to the First Amended Chapter 13 Plan on June 25, "demanding to be paid the balance due in the amount of $9,888.25 plus interest of 10% per annual per year."  ER 115.

On August 8, 2013, counsel for Thompson mailed a letter to the Trustee stating that the Johnson Construction claim is "patently defective" and that the "[t]he facts are easily verified by a review of the public records."  ER 132-33.  The letter asserted that the Johnson Construction claim was objectionable and should be disallowed because:

> 1. The Mechanics Lien recorded May 11, 2009 was not served as required by Cal. Civ. Code 3084(d).  This section requires the recordation of the proof of service.
>
> 2. No lawsuit was filed within 90 days of the filing of the Mechanics Lien as required by Cal. Civ. Code 3084(d).
>
> 3. No "Notice of Pendency of Action" was recorded within 20 days of the filing of any lawsuit (no lawsuit filed) to foreclose the Mechanics Lien as required by Cal. Civ. Code 3084(d).

ER 132.  The letter concluded by "asking that [the Trustee] object to the claim as required by Bankruptcy Code sections 1302(b)(l) and 704(a)(5)."  ER 133.

The Trustee's office responded to the letter on August 9, 2013, stating:

> We reviewed the letter and find no reason to deviate from the stated policy of the Bankruptcy Court and the Trustee's Office to only object to untimely or duplicative claims. [4] Your clients are in a better position to ascertain the validity of the claim. Under Rule 9011 requirements, we do not feel we can file an objection to the Johnson Construction claim. You must either object to the claim or amend the Chapter 13 Plan to provide for this claim.

ER 138.

Later on August 9, 2013, Thompson filed a motion with the Bankruptcy Court to compel

---

[4] Thompson argues that the United States Trustee has an improper policy of only objecting to claims if they are late or duplicate.  Thompson Br. 18-19.  The propriety of this purported policy is not before me.  In this order I address only whether, under these circumstances, Section 704(a)(5) required the Bankruptcy Court to compel the Trustee to object to the Johnson Construction claim.

United States District Court
Northern District of California

United States District Court
Northern District of California

the Trustee to object to the Johnson Construction claim.  The Trustee objected to the motion.

On August 20, 2013, Thompson filed a Second Amended Chapter 13 Plan (ER 160-61) disputing the claim by Johnson Construction, this time incorporating details from Thompson's August 8 letter to the Trustee:

> JOHNSON CONSTRUCTION - The mechanics lien recorded in the State of California, County of Contra Costa on May 11, 2009, in favor of Johnson Construction purporting to attach to 1611 Roosevelt Avenue, Richmond  CA  94801 is disputed for the following reasons:
>
> 1. The Mechanics Lien was not served as required by Cal. Civ. Code 3084(d). This section requires the recordation of the proof of service.
>
> 2. No lawsuit was filed within 90 days of the filing of the Mechanics Lien as required by Cal. Civ. Code 3084(d).
>
> 3. No "Notice of Pendency of Action" was recorded within 20 days of the filing of any lawsuit (no lawsuit filed) to foreclose the Mechanics Lien as required by Cal. Civ. Code 3084(d).
>
> 4. The quality of the work was poor and the debtor believes Johnson Construction and/or employees thereof stole tools from her home.
>
> Confirmation shall entitle the debtor to retain an attorney without further order of the court to petition the Superior Court of California for the release of the Mechanic's Lien as contemplated by California law and for such other and further relief as the Superior Court may grant. Such counsel shall be paid directly by the debtor and not from the bankruptcy estate.

ER 161.

The Bankruptcy Court heard oral argument on Thompson's motion to compel on August 27, 2013.  Thompson argued that "Section 1302 incorporates Section 704 and the statute is clear, it's the Trustee's obligation to object to claims, not the Debtor's."  The Bankruptcy Court denied the motion.[5]  ER 168-80.  The Bankruptcy Court found Thompson's analysis of the statutes "strained."  ER 178.  The court stated:

> Section 1302(b) (1) and 704(a) (5) do provide that the Chapter 13 Trustee has authority to review and object to claims, if a purpose would be served.  The treatises analyzing this section note that it's

---

[5] The Bankruptcy Court issued the order denying the motion to compel on September 3, 2013.  ER 181.

5

1
2
3
4
5

generally limited to a claim where the debtor has not objected. Here, the Debtor has not objected, but the Debtor clearly has an objection and has a basis for an objection and is asking the Trustee to substitute in on their behalf. As we discussed before, the Debtor has a clear intent, interest, and ability to object to the claim, including provide the basis of the objection; is aware of the underlying applicable law as to why the claim should be objected to, and there's an immediate benefit to the Debtor in terms of being able to confirm the Plan without having to provide for a claim that the Debtor asserts is improper.

6
7
8

Both the Trustee's obligations or duties are set forth under the Code, and the Debtor's ability to object to an improper claim are set forth under the Code. In addition, the Debtor has their own rights -- the Debtor and Debtor's counsel have their own rights and responsibilities which further clarify their ability to object.

9
10
11
12

I find that there's been-- here, the Debtor has a greater knowledge of the facts, the underlying basis of the claim, and the applicable State law that forms the basis of the objection, and no basis has been shown by the Debtor as to why between two parties with equal authority and interest, that the Chapter 13 Trustee should be compelled to object to the claim, and on that basis, I'm going to deny the motion to compel.

13   ER 178-79.

14          On September 6, 2013, the Trustee filed an objection to confirmation of the Plan and

15   moved to dismiss Thompson's Chapter 13 petition. ER 187-93. The motion asserted that the:

16
17
18

Plan is not feasible because Debtor's (sic) has yet to object to Johnson Construction's claim. The Code prohibits confirmation of a plan that Debtor is not able to comply with. In this case, the Plan cannot be confirmed because the Plan requires an objection to Johnson's claim to be feasible.

19   ER 188. The motion also asserted that:

20
21
22
23

Debtor's Plan provision regarding Johnson Construction does not comply with Section 1325(a)(5). The Code states that a Plan may provide for a secured claim by providing full value, surrendering property, or in a manner accepted by the holder of the claim. In this case, the Plan fails to provide for Johnson in any of the manners permitted by Section 1325(a)(5). Therefore, the Plan cannot be confirmed.

24   ER 189.

25          On September 24, 2013, the Bankruptcy Court held a hearing regarding confirmation of

26   Thompson's Chapter 13 Plan. ER 231-41. Upon Thompson's confirmation that she would not

27   object to the Johnson Construction claim, the Bankruptcy Court sustained the Trustee's objection

28

6

1    to confirmation of the Plan and provided its analysis on the record:

2              There is a secured claim that was filed [by Johnson Construction].  It
             was filed as secured.  There's been no pending objection to it
3            indicating it's not secured.  The plan that was proposed does not
             treat that secured claim under one of the three alternatives provided
4            under Section 1325(a)(5), and it's on that basis that I'm sustaining
             the objection.
5
     ER 239-40.  On September 27, 2013, the court issued the order sustaining the objection, and on
6
     September 30, 2013, issued a separate order dismissing the entire case.  ER 243, 255.
7
            Thompson appeals the following orders: (i) Order Denying Debtor's Motion to Compel
8
     Trustee to Objection to a Proof of Claim entered on September 3, 2013 (ER 181-82); (ii) Order
9
     Sustaining Chapter 13 Trustee's Objection to Confirmation entered on September 27, 2013 (ER
10
     243); (iii) Order Sustaining the Johnson Construction Objection to Confirmation entered
11
     September 27, 2013 (ER 246); and (iv) Order of Dismissal entered on September 30, 2013 (ER
12
     255).  *See* Appellant's Opening Brief ("Thompson Br.") at 7.
13
                                      **LEGAL STANDARD**
14
            District courts review the Bankruptcy Court's findings of fact for clear error.  FED. R.
15
     BANKR. P. 8013; *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986).  "Under this standard,
16
     we accept findings of fact made by the Bankruptcy Court unless these findings leave the definite
17
     and firm conviction that a mistake has been committed by the bankruptcy judge."  *Latman v.*
18
     *Burdette*, 366 F.3d 774, 781 (9th Cir. 2004).  The Bankruptcy Court's legal conclusions and mixed
19
     questions of law and fact are reviewed *de novo. In re Lee*, 179 B.R. 149, 155 (9th Cir. B.A.P.
20
     1995).
21
                                         **DISCUSSION**
22
     **I.   THE APPEAL OF THE ORDER DENYING THE MOTION TO COMPEL LACKS**
23        **MERIT**

24      **A.  Thompson's appeal of the order denying the motion to compel is not timely.**

25            The Trustee argues that Thompson's appeal of the denial of Thompson's motion to compel
26   is untimely because the motion was denied on September 3, 2013, but Thompson filed her notice
27   of appeal on October 11, 2013, beyond the 14-day deadline to appeal in Bankruptcy Rule 8002(a).
28   Bronitsky Br. at 20. Thompson responds that the order denying the motion to compel was

interlocutory because "[w]hile the order did not compel the Trustee to object at that time, nothing about the order or the law limited or precluded the Bankruptcy Court from requiring the Trustee to object to the claim in the future." Reply at 1. Thompson argues that the order was not appealable until entry of a final order disposing of the case on September 30, 2013, when the case was dismissed. *Id.*

Thompson's appeal of the September 3 order is untimely. The Ninth Circuit instructs that a bankruptcy court order is considered final and therefore appealable "where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000). The standard for finality of an order in a bankruptcy case is more flexible than in a civil case. "The order need not be a decision on an entire case, but to be final, a Bankruptcy Court order must finally dispose of a discrete dispute within the larger case." *In re Lyondell Chem. Co.*, 2012 WL 163192 (S.D.N.Y. Jan. 18, 2012) (internal quotations and punctuation omitted) (citing *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992)).

Thompson's argument that the order was interlocutory because "nothing about the order or the law limited or precluded the Bankruptcy Court from requiring the Trustee to object to the claim in the future" is baseless. As the Bankruptcy Court stated at the plan confirmation hearing, "[m]y ruling was, you asked to me to compel her. I denied that request. The idea that somehow it's open-ended is not what was indicated in the motion nor my ruling." ER 232.

The September 3 order was final and appealable because it determined an issue that affected Thompson's substantive rights—whether she had the right to compel the Trustee to object to a claim that Thompson asserts is improper. This was the central issue that prevented Thompson's plan from being approved and that led to the dismissal of the case. By denying Thompson's motion to compel, the Bankruptcy Court held that Thompson had no right to force the Trustee to object, requiring Thompson to formally object or modify her plan. The order affected Thompson's substantive rights and a key issue in her case. It was a final order that Thompson should have appealed within the appropriate time period. But even if I assume that Thompson's appeal is timely, and address its merits, I find that the Bankruptcy Court did not err in

8

1    denying the motion to compel.

2        **B.  The Bankruptcy Court did not err in denying Thompson's motion to compel.**

3        Section 1302(b) of the Code provides that the Trustee "shall" perform the duties specified

4    in various sections, including section 704(a)(5).  Section 704(a)(5) states the following duty: "if a

5    purpose would be served, examine proofs of claims and object to the allowance of any claim that

6    is improper."  Thompson relies on that statute to argue that the Bankruptcy Court erred in denying

7    her motion to compel the Trustee to object to the Johnson Construction claim.  Thompson Br. 12-

8    13.  I disagree.

9        "The Trustee system was established by Congress to insure efficient administration of

10   Chapter 13 cases."  *In re Ford*, 179 B.R. 821, 823 (Bankr. E.D. Tex. 1995).  Congress gave

11   trustees discretion not to examine and object to proofs of claim if no purpose would be served.

12   *See, e.g., In re Day*, 2009 WL 3233160, *4 (Bankr. E.D. Va. Sept. 30, 2009) ("A trustee has some

13   discretion not to object to a proof of claim . . . where no purpose would be served by objecting to

14   the claim."); *In re Ebel*, 338 B.R. 862, 872 (Bankr. D. Colo. 2005) ("even if it is improper, the

15   Trustee is under no duty to object in the absence of a proper purpose to do so").  Whether

16   examining and objecting to any particular claim serves a purpose is necessarily a fact-specific

17   inquiry.  For example, the Ninth Circuit ruled that it did not serve a purpose, within the meaning

18   of Section 704(a)(5), for a trustee to engage in a lengthy investigation of a claim when the estate

19   was solvent and none of the debtor's general partners objected to the claim.  *In re Riverside-*

20   *Linden Inv. Co.*, 925 F.2d 320, 322 (9th Cir. 1991).

21       A Chapter 13 bankruptcy permits debtors to keep their assets if their plan is approved.

22   Accordingly, "the success of the debtor's plan may depend upon the debtor's being able to argue

23   successfully that the debt asserted as a priority claim or a secured claim, which must often be paid

24   in full, is excessive or invalid."  COLLIER ON BANKRUPTCY  ¶ 502.02[c] (Alan N. Resnick, et al.

25   eds., 16th ed.).  Accordingly, the Trustee in a Chapter 13 case "does not view it as his or her role

26   to object to particular claims except, perhaps, if they have been tardily filed."  *Id*.  In contrast, in a

27   Chapter 7 case, "the debtor usually has no pecuniary interest that would justify objecting to a

28   claim unless there could be a surplus after all claims are paid."  *Id*.

United States District Court
Northern District of California

In this case, Johnson Construction filed an Amended Proof of Claim on June 25, 2013, with a secured claim for $9,288.25 (with 10% interest) for "labor and materials to make repairs on property." ER 134-35. The claim attached an invoice for the service and a Mechanic's Lien. ER 136-37. According to the Trustee, Johnson Construction's proof of claim was facially proper—it provided supporting documentation, it was timely, and it was not duplicative. Bronitsky Br. at 14. As the claim was not facially improper, no purpose would be served by the Trustee objecting to it.

Thompson's objection to the claim is based on allegations that are outside the proof of claim filed with the Bankruptcy Court. She alleges that Johnson Construction performed poor quality work, stole tools from her home, and did not serve a Mechanic's Lien, file a lawsuit, or record a notice of pendency of action as required by the California Civil Code. ER 161. Determining whether those allegations render the Johnson Construction claim invalid would require the Trustee to conduct a factual investigation into the quality of Johnson Construction's work and its alleged theft of Thompson's tools, and to research Johnson Construction's compliance with various state laws. These are matters uniquely (and already) within Thompson's knowledge. As the Bankruptcy Court stated, Thompson, not the Trustee, "has the history; she knows the creditor; and she – the review has formally stated the basis for the objection." ER 171.

At the oral argument on the motion to compel, the Bankruptcy Court asked Thompson's counsel: "You have spent as much time litigating this slam dunk objection that you want the Trustee to bring as if you'd filed the objection. So what's the reason for the motion?" ER 170. Thompsons' counsel responded that

> Well, in this particular case, the creditor is acting in pro per and I know the Court has had an opportunity to see some of his pleadings from a letter that was considered an adversary to a letter that's now considered a Plan objection. But in looking at that, I asked myself, you know, what do I need to do, and it looks like, at least the claim objection, is properly the Trustee's job rather than mine.

ER 170. It appears that Thompson, for convenience or economy, simply did not want to object to the construction company's objection, apparently because the company was acting *pro per*. But fulfilling Thompson's mere preference that the Trustee object on her behalf does not "serve a purpose" within the meaning of Section 704(a)(5). *Cf In re Ebel*, 338 B.R. 862, 873 (Bankr. D.

United States District Court
Northern District of California

Colo. 2005) ("the Court does not read the language of § 704(5) to suggest that a proper purpose for examination of, and objection to, a claim is to make the Debtor's life easier").  Nor does compelling the Trustee to investigate a facially proper claim, when the allegations are based on matters uniquely within Thompson's knowledge, promote efficient administration of Thompson's Chapter 13 estate.

If Thompson's Chapter 13 plan was approved, she would have been allowed to keep her assets not needed to pay her creditors.  11 U.S.C. § 1306(b).  She therefore had a personal interest in objecting to invalid claims that a Chapter 7 debtor does not.  *See, e.g.,* COLLIER ON BANKRUPTCY ¶ 502.02[c].  In light of the claim's facial validity, it was not error for the Bankruptcy Court to refuse to compel the Trustee to object to the claim.  Requiring a Trustee to investigate and object to all claims which the debtor claims are objectionable, even if they are facially valid, would not promote efficient administration of Chapter 13 cases.   If Thompson wanted the Johnson Construction claim objected to, despite its facial validity, she could have done so.  Contrary to Thompson's argument, by declining to object to the claim, the Trustee is not "delegating" the duty to object to Thompson.  There is no duty where no purpose is served by the objection.  If Thompson believed there was a purpose served by an objection, she could have objected.[6]  She did not.

Thompson argues that the Bankruptcy Court improperly applied a "better position" standard.  But to the extent that the Bankruptcy Court weighed whether Thompson or the Trustee could more efficiently make the objection, the Bankruptcy Court appropriately performed a cost-benefit analysis to determine whether it would serve a proper purpose for the Trustee rather than Thompson to make the objection.[7]  *Cf In re Riverside-Linden Inv. Co.*, 925 F.2d at 322.

---

[6] Thompson also argues that the Trustee is the optimal party to object.  That may be true in some situations, but it does not change the fact that the Trustee is not required to object to a claim if no purpose would be served.

[7] The Bankruptcy Court apparently accepted, as do I, that there is generally a purpose in objecting to a claim if doing so results in more funds available for the estate and for distribution to creditors. ER 171.  But the question here is whether, under these circumstances and keeping in mind that the claim was facially proper, the Bankruptcy Court erred in finding that it did not serve a purpose for the Trustee rather than Thompson to file the objection.

The cases that Thompson cites do not support a finding that the Bankruptcy Court should have compelled the Trustee to object to the Johnson Construction claim.  *In re Sinclair's Suncoast Seafood, Inc.*, 140 B.R. 588, 592 (Bankr. M.D. Fla. 1992) and *In re Lundborg*, 110 B.R. 106, 107 (Bankr. D. Conn. 1990) state that no purpose would be served by requiring a Trustee to object to a claim which would not result in any greater distribution to creditors.  *In re Mahan*, 104 B.R. 300, 302 (Bankr. E.D. Cal. 1989), states broadly that, where there is money in an estate, a purpose is served by examining the claims.  I accept those propositions.  However, none of those cases informs whether a purpose would be served under the circumstances present here.

## II.  THE BANKRUPTCY COURT DID NOT ERR IN SUSTAINING JOHNSON CONSTRUCTION'S OBJECTION TO CONFIRMATION OF THE PLAN

Thompson argues that the Bankruptcy Court erred in sustaining Johnson Construction's objection without conducting an evidentiary hearing.  Thompson Br. at 20.  I disagree.

Section 1325(a)(5) provides that a court shall confirm a plan if, with respect to each secured claim allowed for in the plan: (i) the holder of the claim has accepted the plan, (ii) the plan provides for payment of the claim, or (iii) the debtor surrenders property securing the claim to the creditor.  11 U.S.C.A. § 1325(a)(5).  In rejecting Thompson's argument that it lacked sufficient evidence to confirm Johnson Construction's claim, the Bankruptcy Court noted:

> There is a secured claim that was filed [the Johnson Construction claim].  It was filed as secured.  There's been no pending objection to it indicating it's not secured. The plan that was proposed does not treat that secured claim under one of the three alternatives provided under Section 1325(a)(5), and it's on that basis that I'm sustaining the objection.

ER 240.

Although Thompson questioned the validity of the Johnson Construction claim, she did not file an objection to it.  "Generally, absent a written objection from a party in interest, a claim is "deemed allowed" upon the filing of a timely proof of claim."  *In re Shook*, 278 B.R. at 821; 11 U.S.C. § 502(a).  Accordingly, the Bankruptcy Court properly denied confirmation of the plan because the secured claim by Johnson Construction was allowed and was not provided for in the plan in the  matter required under Section 1325(a)(5).  An evidentiary hearing assessing the claim is not required where no objection has been filed.  Thompson cites no authority saying otherwise.

United States District Court
Northern District of California

### III. THE BANKRUPTCY COURT DID NOT ERR IN SUSTAINING THE TRUSTEE'S OBJECTION TO CONFIRMATION OF THE PLAN

Thompson argues that the Bankruptcy Court erred in sustaining the Trustee's objection to confirmation of the plan because "nothing in the written order gives any indication that the court would not require the Trustee to object to the Johnson claim in the future" and, had it done so, it could have confirmed the plan before resolving the objection to the Johnson Construction claim. [8] This argument fails. It is undisputed that there was no objection to the Johnson Construction claim. It is therefore irrelevant that the Bankruptcy Court could confirm Thompson's bankruptcy plan before resolving a non-existent objection to the Johnson Construction claim.

### IV. THE BANKRUPTCY COURT DID NOT ERR IN DISMISSING THOMPSON'S BANKRUPTCY PETITION

Thompson argues that "the Bankruptcy Court certainly abused its discretion to dismiss the case as unfeasible when the issues could easily have been resolved either before or after confirmation." Thompson Br. at 22. But the Bankruptcy Court stated when it denied the motion to compel, in no uncertain terms, that it would not compel the Trustee to object to the Johnson Construction claim. Thompson likewise stated unambiguously that she would not file the objection. At the confirmation hearing, the Bankruptcy Court explained to Thompson's counsel that this would result in dismissal of the petition:

> MR. PRIMUS: I had an opportunity to discuss this matter with the Debtor. She's informed me that she's been given a trial mortgage modification and that under the circumstances she's willing to accept the Court's proposed order and allow things to go where they're going to go.
>
> THE COURT: Meaning, so we're all clear, that you're
>
> MR. PRIMUS: She understands the ramifications of dismissal.
>
> THE COURT: That you're asking me -- you're telling me that you're not going to object to the Johnson secured claim?
>
> MR. PRIMUS: Correct.
>
> THE COURT: And that -- the Johnson Construction secured claim, I should say. And that, on that basis, I am going to sustain the

---

[8] As noted above, Thompson's argument that the Bankruptcy Court's order did not "giv[e] any indication the court would not require the Trustee to object to the Johnson claim in the future" borders on the frivolous and was rejected by the Bankruptcy Court. *See* ER 232.

United States District Court
Northern District of California

1

2

objections to confirmation, and there being no -- and with that, the plan is not capable of being confirmed as proposed, and therefore the case will be dismissed?

MR. PRIMUS: I understand that. Your Honor, --

3

4

ER 239-40.

5

Thompson was fully aware that her decision not to object to the Johnson Construction

6

claim would result in the dismissal of her petition.  As the petition was not capable of

7

confirmation, the Bankruptcy Court properly dismissed it.

8

**CONCLUSION**

9

For the above reasons, I affirm the following Orders of the Bankruptcy Court:

10

(i)      Order Denying Debtor's Motion to Compel Trustee to Objection to a Proof of

11

Claim, entered on September 3, 2013 (ER 181-82);

12

(ii)     Order Sustaining Chapter 13 Trustee's Objection to Confirmation, entered on

13

September 27, 2013 (ER 243);

14

(iii)    Order Sustaining the Johnson Construction Objection to Confirmation, entered on

15

September 27, 2013 (ER 246); and

16

(iv)    Order of Dismissal, entered on September 30, 2013 (ER 255).

17

**IT IS SO ORDERED**.

18

Dated: May 30, 2014

19

_____

20

WILLIAM H. ORRICK
United States District Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14